PEOPLE, PLAINTIFF AND APPELLEE, v. CUEVAS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in a Prosecution for Adultery.

No. 1428.—Decided December 2, 1919.

ADULTERY—EVIDENCE.—The fact that the defendant lived in the house of the co-defendant, who was separated from her husband, and that he entered the house day and night, in the absence of evidence of other circumstances jus-

tifying the inference that the defendants were inclined to have carnal intercourse and that they availed themselves of that opportunity, is not sufficient evidence of adultery.

The facts are stated in the opinion.

*Mr. Manuel A. Garcia* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On March 10, 1919, an information was filed in the District Court of Aguadilla against Obdulia Cuevas and Ernesto Mateu charging them with the crime of adultery in that between the months of June, 1918, and February, 1919, they had carnal intercourse, the former being married to Esteban Barreto and the latter being unmarried.

After trial the court found them guilty of the said crime and sentenced each of them to imprisonment for two years. From that judgment the defendants took the present appeal for the reversal of the judgment and their discharge on the ground that the trial judge weighed the evidence erroneously. The *fiscal* of this court coincides in this view and moves for the reversal of the judgment on the ground alleged by the appellants.

The defendants introduced evidence in denial of the act charged in the information, but we shall discard it in the consideration of this appeal because if the evidence examined by the district attorney at the trial proved the charge, then it would be contradictory of that of the defendants and the judge having given credit to the evidence for the prosecution, as is shown by the conviction, the judgment would have to be affirmed, inasmuch as it is the province of the judge *a quo* to adjust a conflict in the evidence.

Hence we shall examine the evidence introduced at the trial by the prosecution in order to ascertain whether it was sufficient to support a judgment of conviction in this case.

The case was tried on March 14, 1919, and the evidence for the prosecution consisted of the testimony of three witnesses. The first of them was Esteban Barreto, the husband

of defendant Obdulia Cuevas. He testified in substance that he had been separated from his wife, Obdulia Cuevas, for about two years; that he had a suit for divorce pending against her; that on June 23, 1917, he went to the Panama Canal as a soldier and returned on February 13, 1919; that when he arrived in Lares, where his wife lived, he did not go to visit her at once; that his wife had illicit relations with Ernesto Mateu and he found her living with him; that he saw Mateu sitting on a chair in Obdulia's house and did not enter; that he saw none of Mateu's clothes in the house; that he did not enter Obdulia's house, and that he has seen him enter her house.

The second witness, Liborio Robles, testified that he had the opportunity of observing the relations of Mateu and Obdulia; that they lived together; that he had seen Ernesto Mateu in her house; that he had seen him there at night and had seen him enter the house on several occasions; that he talked with Obdulia on the occasion of the divorce and she told him that she lived with him; "that he had occasion to see Mateu there on several nights when he was passing the house of Obdulia Cuevas on a spree"; that he saw that at night they retired to bed; that he had seen Mateu enter there and also go out of the house into the street; that he had seen him enter and leave during the day and the night; that Obdulia lived with Mateu, but he did not know when nor whether it was after the divorce was decreed; that it was before.

The last witness, Pedro Rivera, testified that he has observed the relations of Obdulia and Ernesto between June of last year and February of this year; that he often saw Ernesto Mateu in the house of Obdulia, night and day; that he knows that he lived there; that he often talked with her and she told him that she lived with him; that he saw Ernesto enter Obdulia's house; that one night he saw him enter because "they were on a spree and Mateu was singing for her"; that he thinks Mateu stayed there to sleep; that

he did not see whether he 'slept in Obdulia's house because he went to bed early and took no account of the life they lead; that Mateu did not keep his clothing at Obdulia's house and he could not say whether he ate there, and that he could not say that Mateu lived in Obdulia's house, but only that he often saw him around there; that for a long time he saw him enter the house, day and night.

Giving full credit to this evidence, it shows that Ernesto Mateu lived in Obdulia's house while she was married and separated from Barreto, her husband, and that Ernesto entered the house day and night; but it is not sufficient to prove that they had carnal intercourse, an essential element of the crime of adultery, for although the fact that they lived, together in the same house gave them an opportunity of having carnal intercourse, it is not sufficient of itself to prove that they actually did cohabit in the absence of evi- dence of other circumstances justifying the inference that they were inclined to have carnal intercourse and that they, therefore, availed themselves of that opportunity. *People v. Cruz et al.*, 19 P. R. R. 667.

For the reason stated the court below weighed the evi- dence erroneously and the judgment must be reversed and substituted by another acquitting the defendants.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.